UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:11-cr-00113 (JAM) |
| MARC HOBSON | |

**RULING GRANTING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782**

On September 27, 2012, this Court (*Burns, J.*) sentenced defendant Marc Hobson principally to a term of 72 months imprisonment and a term of three years supervised release, following his conviction of Conspiracy to Possess with Intent to Distribute, and to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 846. On the basis of Amendment 782 to the U.S. Sentencing Guidelines, defendant now moves to be re-sentenced pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, I will grant defendant's motion and reduce defendant's sentence to a term of 57 months imprisonment, effective as of November 1, 2015.

**BACKGROUND**

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who has been subject to sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. Amendment 782 reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction—including a retroactive reduction for defendants who are already serving their sentences—would be "an appropriate step toward

alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of the defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is satisfied. There is agreement by the defendant, the Government, and the U.S. Probation Office that defendant is eligible for a reduction of up to 13 months of his sentence pursuant to Amendment 782. The Court's original sentence of 72 months derived from a Guidelines range of 70-87 months. This was predicated on a finding of a Base Offense Level of 26 consistent with § 2D.1 of the Guidelines, and an Adjusted Offense Level of 23 after allowing for Acceptance of Responsibility pursuant to § 3E.1.1 and a reduction in defendant's Criminal History Category from V to IV. Under Amendment 782, defendant's offense carries a base level of 24 pursuant to § 2D.1, which results in an Adjusted Offense Level of 21. At this level, the Guidelines range is 57-71 months.

As to the second step, I also conclude in the exercise of my discretion and upon full consideration of the factors set forth under 18 U.S.C. § 3553(a) that the agreed-upon reduction is appropriate. The Court is not aware of any instances of misconduct by the defendant during his

2

imprisonment that would potentially mitigate against the imposition of a lesser sentence. In addition, defendant has successfully completed a 500 hour drug program that appears to support his candidacy for a reduced sentence.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is GRANTED. His term of imprisonment is reduced to 57 months, effective November 1, 2015. *See* U.S.S.G. § 1B1.10(e). All other aspects of the original sentence shall remain in effect.

It is so ordered.

Dated at New Haven this 22nd day of July 2015.

                                             /s/ ***Jeffrey Alker Meyer***
                                             Jeffrey Alker Meyer
                                             United States District Judge